J. P. PARKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion filed May 24, 1918.

1. Where a wife's property has become the subject of larceny, the ownership thereof in an indictment for such larceny can be properly laid in either the husband or the wife, where they live together—in *her* because of her *legal* ownership, and in *him* because of his special ownership as custodian.

2. Where an indictment lays the ownership of stolen property in one who is its lawful custodian and entitled to its possession, the ownership is sufficiently alleged, and it is not a fatal variance if the proof shows that the legal title to the property was in some one other than the person in whose possession it was and who had the care and management of it.

Writ of Error to Circuit Court for Alachua County, J. T. Wills, Judge.

Judgment affirmed.

*W. S. Broome,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

BROWNE, C. J.—The plaintiff in error was convicted in

the Circuit of Alachua County for larceny of a cow, and seeks reversal here on writ of error.

Te sole question presented by the assignments of error is an alleged variance between the allegation in the indictment and the proof of ownership of the cow.

The indictment alleges that the cow was "of the property, goods and chattels of L. J. Knight." On the trial Knight testified in chief that he owned the cow. On cross-examination he said, "The cow was mine. It was ours my wife and mine, common property. My land is in my wife's name, but my personal property is not. The cow was mine."

The defendant testified that Mrs. Knight, the wife of the person whom the indictment alleged was the owner of the cow, told him the cow belonged to her, and that he would have to settle with her for it. One other witness testified that he heard Mrs. Knight say in the presence of her husband that the cow belonged to her.

Section 2589 of the General Statutes of 1906, provides that: "The property of the wife shall remain in care and management of her husband but he shall not charge for his care and management, nor shall the wife be entitled to sue her husband for the rent, hire, issues, proceeds or profits of her said property." This statute makes the husband the lawful custodian of his wife's personal property.

In the case of Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858, in passing upon the same question that is raised in this case, this court said: "In consequence of this, where the wife's property has become the subject of larceny, the ownership thereof in an indictment for such larceny can be properly laid in either the husband or the wife, where they live together—in *her*

because of her *legal* ownership, and in *him* because of his special ownership as custodian."

The rule is thus laid down in 17 Ruling Case Law, Section 72, "The exact state of the title of stolen property is of no particular concern of the thief, except that it must have been in some one else; hence evidence of possession is ordinarily sufficient proof of ownership; and this is true although the one in possession may have held the property as bailee, trustee, or otherwise, having only a special interest and not a general ownership of the property. Therefore ownership is sufficiently proven where it is shown that the person alleged to be the owner had a special property in the stolen article, or that he held it in trust. As it is not necessary to show in detail the exact state of the title, general evidence of property is admissible, and is as sufficient in criminal as in civil cases."

In the case of State v. Tillet, 173 Ind. 133, 89 N. E. Rep. 589, 20 Ann. Cas., 1262, it was said: "It is well settled; (1) that it is proper in a prosecution for larceny to describe the property as that of the real owner, or of the person in possession; (2) it may be alleged to be the property of one who is in possession as bailee, agent, trustee, executor, or administrator; (3) such bailee, agent, trustee, executor, or administrator may be alleged to be the owner thereof by name, without describing his trust character, that is, the property may be described as his individually; (4) evidence of possession is sufficient proof of ownership under such an allegation."

Where an indictment lays the ownership of stolen property in one who is its lawful custodian and entitled to its possession, the ownership is sufficiently alleged and it is not a fatal variance if the proof shows that

the legal title to the property was in some one other than the person in whose possession it was and who had the care and management of it.

We have discussed the assignments, on the theory of the plaintiff in error, but we do not think that the testimony established that Mrs. Knight was the owner of the cow. In the most favorable aspect for the defendant below, there was a conflict in the testimony and this it was the province of the jury to pass upon.

Finding no error, and the verdict being warranted and supported by the evidence, the judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.