HENRY UNDERHILL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 28, 1921.

1. At common law it is not sufficient to allege the ownership of stolen property in a partnership without giving the names of the partners.

2. Where no question of the sufficiency of an indictment alleging the ownership of stolen property in a partnership without giving the names of the partners was raised before the trial and verdict of guilty and no objections were interposed to the admissibility or competency of testimony to the effect that the alleged owner was a partnership composed of individuals whose names were given, a judgment of conviction will not be reversed upon the ground that the verdict is not supported by the evidence.

3. The defect in an indictment charging the accused with larceny from a partnership without giving the names of the individuals composing the same when not called to the court's attention before trial and verdict of conviction is not such as to require a reversal of the judgment where it does not appear that the accused was misled or embarrassed, but will be regarded as cured by the statute, Section 3962, General Statutes of the State of Florida.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Affirmed.

*Leitner* & *Leitner,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant for the State.

WEST, J.—Plaintiff in error was indicted upon a charge of larceny. The property alleged to have been stolen was one suit of clothes, of the value of $55, of the goods and chattels of The Boston Store. There was a verdict of guilty. Motion for new trial was made and denied and from the judgment imposing sentence writ of error was taken.

The assignment of error which is argued is that the verdict is not supported by the evidence. The point insisted upon is that the ownership of the property charged to have been stolen is not proved as alleged.

The proof is that "The Boston Store," the owner of the property alleged to have been stolen, is a partnership composed of S. Rosin and I. Silverman, individuals.

Upon the question of whether in an indictment for

larceny of the property of a partnership the names of the partners should be stated the authorities are not in accord. In some jurisdictions it is not necessary to allege the names of the partners composing the firm. Porter v. Commonwealth, 22 Ky. Law Rep. 1657, 61 S. W. Rep. 16; People v. Barnes, 65 Cal. 16, 2 Pac. Rep. 493; People v. Goggins, 80 Cal. 229, 22 Pac. Rep. 206; State v. Williams, 103 Ind. 235, 2 N. E. Rep. 585. Other authorities held to the contrary, however, that is to say, that the indictment is insufficient unless the names of the partners composing the firm are alleged. Wallace v. People, 63 Ill. 451; McCowan v. State, 58 Ark. 17, 22 S. W. Rep. 955; State v. Clark, 223 Mo. 48, 122 S. W. Rep. 665; Buffington v. State, 124 Ga. 24, 52 S. E. Rep. 19. At common law it was not sufficient to allege ownership in a partnership without giving the names of the partners. Wharton's Criminal Law, 11 ed, Secs. 1174 and 1220; 12 Enc. Pl. & Pr. 967.

The sufficiency of the indictment in this case was not tested by demurrer or motion to quash. Nor was any objection interposed to the evidence offered to show that The Boston Store, the alleged owner, was a partnership composed of the individuals named.

By Sec. 3962, Gen. Stats, same Florida Compiled Laws, it is provided that "No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."

Inasmuch as the question now presented was not raised before the trial of the case and no objection was made to the admissibility or competency of the testimony, the irregularity, if any, was cured after verdict by the statute. It does not appear that plaintiff in error was misled or embarrassed or that he may hereafter be exposed to the danger of another prosecution for the same offense. The evidence is therefore sufficient to support the verdict and the judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.