CHARNEL MATHEWS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 23, 1923.

1. Where an indictment lays the ownership of stolen property in one who is its lawful custodian and entitled to its possession, the ownership is sufficiently alleged and it is not a fatal variance if the proof shows that the legal title to the property was in some one other than the person in whose possession it was and who had the care and management of it.

2. It is not error for a trial court to refuse to give requested charges covered substantially by other charges, or where they have no proper basis in the evidence.

3. Evidence examined and found sufficient to sustain the verdict.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Affirmed.

*McGeachy & Lewis,* for Plaintiffs in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Upon an indictment for petit larceny plaintiff in error was tried and found guilty as charged. To review the judgment imposing sentence writ of error was taken from this court. The ruling of the trial court denying defendant's motion for new trial was assigned as error. The grounds of the motion only that are argued in the brief filed in this court in his behalf will be considered.

It is urged that there was error in the order denying the motion for new trial on the ground that the verdict is contrary to the evidence. The contention is that the ownership of the property alleged to have been stolen was not proved as alleged. In Parker v. State, 75 Fla. 741, 78 South. Rep. 980, 2 A. L. R. 350, this court said "where an indictment lays the ownership of stolen property in one who is its lawful custodian and entitled to its possession, the ownership is sufficiently alleged and it is not a fatal variance if the proof shows that the legal title to the property was in some one other than the person in whose possession it was and who had the care and management of it. The property alleged to have been stolen is " one stick of hewn timber." It appears from the evidence that the former owner of the stolen property is

dead; that prior to his death the timber had been acquired
for ship building purposes and placed at his shipyard in
the water afloat, "tied up" with a chain (from which it
may be inferred that it was fastened to some stationary
object) and had remained there for a long period of time;
that upon his death the shipyard and timber passed into
the possession and control of a son and heir who is al-
leged in the indictment to be the owner of the timber;
that it became detached from the object to which it was
fastened and floated out into the stream, but was soon
thereafter recaptured and a placard or sign placed upon it
to indicate its ownership; that a few days later it was
found on the bank of the stream, in the possession of the
defendant.   Defendant admitted that it was found in his
possession, but declared that he found it drifting in the
stream between a quarter and a half mile from the ship-
yard, with no mark on it to indicate ownership; that he
towed it to land for the purpose of making crossties; that
he took it to be an "old condemned boom stick" or a "stray
piece" of condemned timber and had no intent to steal it.
Under the rule announced it cannot be said that the evi-
dence of ownership of the property alleged to have been
stolen was insufficient to sustain the verdict.   The fact
that the timber may have been found by the defendant
afloat in the stream rendered it none the less subject to
larceny, nor afforded grounds for its alleged appropriation
by him.

Requested instructions that were refused, which are
made grounds for the motion for new trial and argued
in the brief, are of two classes; first, upon the subject of
the alleged bona fides and lack of intent of the defendant;
and second, on the subject of cirmumstantial evidence.
As to the former the point was covered substantially in

the general charge, and as to the latter there is no basis in the evidence.

Finding no error the judgment will be affirmed.

Affirmed.

TAYLOR, C. J., AND WHITFIED AND ELLIS, J. J., concur.

BROWNE, J., not participating.