CHARLES PELAEZ, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

144 So. 364.

Division B.

Opinion filed October 18, 1932.

*Whitaker Brothers,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant, for the State.

WHITFIELD, P.J.—The information herein charges that ''Charles Peleaz late of the County of Hillsborough aforesaid, in the State aforesaid, on the 29th day of June in the year of our Lord, one thousand nine hundred thirty-one with force and arms at and in the County of Hillsborough aforesaid, Fifteen sacks of sugar, a further description of each of which is to the Acting Solicitor unknown, of the aggregate value of forty-five dollars in money current of the United States of America, the property of O'Berry and Hall Company, a corporation, which had theretofore unlawfully and feloniously been taken, stolen and carried

away, and which said property was then and there stolen property, did unlawfully and feloniously buy, receive, conceal and aid in the concealment of said property, the said Charles Pelaez then and there well knowing at the time he so bought, received, concealed and aided in the concealment of said property as aforesaid, that said property was then and there stolen property against the form of the Statute in such case made and provided, to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida; wherefore the said Wm. L. Pencke, Acting County Solicitor aforesaid, prosecuting for the State of Florida aforesaid, prays the advice of the Court in the premises and that a capias may be issued forthwith for the arrest of said Charles Pelaez and that he be held for trial under the foregoing information.

WM. L. PENCKE,
Acting County Solicitor for the County of Hillsborough, Prosecuting for the State of Florida.''

At the trial the following verdict was rendered:

''We the jury find the defendant guilty as charged in the information, and we find the value of the property to be $600.00, so say we all.''

The judgment rendered reads:

''Now on this day came in person the defendant Charles Pelaez and being asked by the Court whether he had anything to say why the sentence of the Court should not now be pronounced upon him, say nothing.

''It is therefore, the judgment, order and sentence of the Court that you Charles Pelaez for the crime of which you have been and stand convicted be confined in the County Jail of Hillsborough County Florida for a period of one year.''

It is contended that the trial court erred in overruling a motion to quash the information because it was signed, sworn to and filed by an ''Acting County Solicitor'' and not by the ''County Solicitor.''

The constitution provides for the establishment of Criminal Courts of Record in counties "upon application of a majority of the registered voters in such counties as the legislature may decree expedient." Section 24, Article V. "The said courts shall have jurisdiction of all criminal cases not capital which shall arise in said counties respectively." Section 25. "There shall be for each of said courts a prosecuting attorney, who shall be appointed by the Governor and confirmed by the Senate." Section 27. "All offense triable in said Court shall be prosecuted upon information under oath, to be filed by the prosecuting attorney, but the grand jury of the Circuit Court for the county in which said Criminal Court is held may indict for offenses triable in the Criminal Court." Section 28.

The constitution also contains the following:

"The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation." Section 27, Article III.

The statutes provide:

"The prosecuting attorney of the criminal court of record shall be called the county solicitor, and his powers, duties and obligations shall be the same as those exercised by and imposed upon the State attorney, except when otherwise provided."
Section 8241. (5972) C. G. L.

"Whenever there shall be a vacancy in the office of county solicitor in any of the counties of this State in which a criminal court of record is established, either by reason of non-appointment or otherwise, or if a county solicitor shall not be present at any term of the court, or, being present, shall from any cause be unable to perform the duties of his office, the judge of said court shall have full power to appoint a county solicitor from among the members of the bar with the consent of such member so appointed, to whom shall be administered an oath to faithfully discharge the duties of county so-

licitor, and who shall have as full and complete authority, and whose acts shall be in all respects as valid as a regularly appointed county solicitor. He shall sign all informations and other papers as acting county solicitor. The power of said appointee shall cease upon the filling of said office by appointment or upon the ability of the county solicitor to perform the duties of his office, a note of which shall be entered upon the minutes of the court. The compensation of such appointee shall be the same as that of the regularly appointed county solicitor, and shall be paid by the regular county solicitor and not by the county or State, in those cases in which the temporary appointment is made by reason of the absence, inability or disqualification of the regular county solicitor.'' Section 8247 (5974) C. G. L.

The constitution provides that all offenses triable in a Criminal Court of Record ''shall be prosecuted upon information under oath, to be filed by the prosecuting attorney;'' that ''a prosecuting attorney * shall be appointed by the Governor and confirmed by the Senate,'' and that ''the legislature shall provide for the election by the people or appointment by the Governor of all State and county offices not otherwise provided for by the constitution;'' and the statute provides that such ''prosecuting attorney,'' ''Shall be called the county solicitor.'' Such ''prosecuting attorney'' or ''county solicitor'' is a county officer. State ex rel. v. Barnes, 24 Fla. 29, 3 So. 433.

But it was said in Segars v. State, 94 Fla. 1128, text 1134, 115 So. 537, 539, that though a county solicitor of the Criminal Court of Record is required by the constitution to be appointed by the Governor and confirmed by the Senate and though he is a county officer within the meaning of section 27 of Article III of the constitution, yet such organic provisions do ''not mean that the Judge of such court cannot supply by appointment a competent person to temporarily perform the duties of that office in case of exigency, under the provisions of section 5974 Revised General Statutes,'' Section 8247, Compiled General Laws,

1927. This principle had been applied to an emergency appointment of some suitable person by a Circuit Judge "to represent the interests of the State temporarily during the absence or inability to act of the officer whose official duty it is to represent the State's interests," "even in the absence of such a statute" as Section 1354, Revised General Statutes, Section 4755 (3019) Compiled General Laws. King v. State, 43 Fla. 211, 31 So. 254.

It is true the constitution does not expressly provide that all criminal prosecutions in the Circuit Court shall be upon informations or indictments signed and sworn to by the State Attorney, but does provide that "the Governor by and with the consent of the Senate shall appoint a State Attorney in each judicial circuit, whose duties shall be prescribed by law," yet this difference in the organic provisions as to State Attorneys who represent the State in the circuit courts and prosecuting attorneys for the Criminal Courts of Record, does not prevent the operation of the principle of governmental procedure under which a Judge of a court of record may make an emergency appointment of a suitable person to perform the duties of an official prosecutor for the State during a term or part of a term of court when the duly commissioned prosecuting officer is for some valid reason temporarily unable to perform his official functions. A person so designated is an officer of the court making the appointment and is thereby authorized to temporarily perform the duties of the officer who is absent or otherwise unable to perform his official functions in the court for the time being. The temporary appointment by the court or Judge is not the filling of a vacancy in the office. The duties are performed under the appointment and supervision of the court, whose jurisdiction to proceed cannot be delayed by the absence or the inability of a court officer to perform his duties. Such inherent power of the courts is contemplated by the constitution

and is recognized by statutes. See King v. State, 43 Fla. 211, 31 So. 254.

The motion to quash the information was properly overruled.

Under the statute "Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment in the State prison not exceeding five years, or by fine not exceeding five hundred dollars." Section 7239 (5138) C. G. L.

This definition of the offence does not expressly require it; but in view of the organic provision that the nature and cause of the accusation shall be made to appear, and in view of the common law rules of pleading in criminal cases which are in force in this State when not inconsistent with our written law, the statute impliedly contemplates that the ownership of the goods stolen shall be alleged and proven as alleged, in accordance with the recognized practice in such cases. See Bradley v. State, 20 Fla. 837; Anderson v. State, 38 Fla. 3, 20 So. 765; Alvarez v. State, 75 Fla. 286, 78 So. 272; 2 Wharton's Criminal Law (12th Ed.) Section 1254.

The information alleges that defendant received "fifteen sacks of sugar * * of the aggregate value of forty-five dollars * * the property of O'Berry and Hall Company, a corporation" which was stolen property, the defendant "then and there well knowing at the time he" received etc., "that said property was then and there stolen property," etc.

The evidence shows that the thief falsely pretended to have an order therefor from O'Berry & Hall Company, procured sacks of sugar by deception from Caldwell Bonded Warehouse, Inc., and there is testimony that some at least of such goods were delivered to the defendant.

As O'Berry & Hall Company whose servant the thief

was, had not ordered the goods and did not receive them, the goods remained the property of the Caldwell Bonded Warehouse, Inc. The single count of the indictment alleged the ownership of the stolen goods to be in O'Berry & Hall Company, and such allegation was not proven, therefore, a new trial should have been granted. In Hatcher v. State, 74 Fla. 112, 76 So. 694, the title to the property passed to the employed before it was stolen by the employee.

It is not necessary to discuss the discrepancy between the allegation of the information as to the value of the goods and the value expressed in the verdict, or the propriety of the judgment rendered.

Reversed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J. AND BROWN, J., concur in the opinion and judgment.