VINCENT SANCHEZ v. STATE.

182 So. 645.
Opinion Filed July 8, 1938.
Rehearing Denied July 28, 1938.

*DeHoff & DeHoff,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—This cause is here on writ of error to the Criminal Court of Record of Duval County, Florida. On August 17, 1937, Vincent Sanchez, plaintiff in error, along with Joe Blatzer and Pete Kouropi, was informed against by the County Solicitor of Duval County, Florida, in two counts. One count charged the defendants with breaking and entering a building with the intent to commit grand larceny. The second count charged them with the crime of grand larceny. On August 24, 1937, the defendants were each arraigned and each filed a plea of not guilty to each count of the information. Prior to the trial of the case on its merits a severance was granted and one of the defendants entered a plea of guilty.

Vincent Sanchez, plaintiff in error, was placed upon trial and was by a jury convicted of the crime of grand larceny

and was by the trial court sentenced to the State Penitentiary for a period of two years. Plaintiff in error filed a motion for a new trial, which was by the lower court overruled and denied. A writ of error was sued out, transcript of record perfected and the cause is here for review on 17 separate assignments of error.

On July 15, 1937, plaintiff in error moved the Court to suppress certain evidence obtained when he was unlawfully arrested and searched and certain coins commonly used in the operation of slot machines were found and when money was found in his home when an unlawful search of his home was made by the officers in violation of Section 22, Declaration of Rights of the Constitution of Florida. The court below heard considerable testimony on the part of plaintiff in error on the motion to suppress evidence, and after hearing several witnesses declined to consume further time on hearing testimony on the motion, but obtained a jury and evidence was taken on the two counts of the information. It is contended here that the lower court erred in not hearing further evidence on the motion to suppress prior to entering an order overruling said motion. We have read the evidence offered at the trial of the case before the jury and observe that defendant's counsel objected seasonably to evidence offered and obtained rulings as to its admissibility during the progress of the cause and the rights of plaintiff in error were fully protected as if all the evidence on the motion to suppress had been heard by the trial court. We fail to see how the rights of the plaintiff in error were affected adversely in the court below. In the case of Robertson v. State, 94 Fla. 770, text p. 775-6, 114 So. 534, when considering the functions of a motion to suppress testimony, this Court said:

"The functions of such a preliminary motion are (a) to test the legality of the search and seizure in advance of the

trial upon the issues, thereby enabling the trial judge to determine what ruling should be made if the illegality of the search be offered as an objection to the evidence at the trial; and (b) to establish a foundation for a timely objection at the trial if the motion to suppress be overruled. The necessity, in some instances, for the interposition of the motion prior to trial is found in the rule frequently applied that ordinarily, and subject to certain exceptions (see Amos v. U. S., 255 U. S. 313, 65 L. Ed. 654; Gouled v. U. S., 296 U. S. 20, 70 L. Ed. 145; Holmes v. U. S., 275 Fed. 49), a court will not halt the trial of the litigation in chief and embark upon the trial of a collateral issue for the purpose of determining the competency or admissibility of proffered evidence as against an objection that it was procured by illegal means."

It is contended that there is a variance between the *allegata* and *probata* in that the ownership of the property the plaintiff in error was convicted of taking, was, as stated in Count Two, in one Robert B. Johnson, when the evidence shows that the stolen property was owned by Johnson and C. P. Heekin. The cases of McNealy and Roulaac v. State, 17 Fla. 199; Underhill v. State, 81 Fla. 234, 87 So. 637; Croft v. State, 109 Fla. 188, 146 So. 649, are cited to sustain this position. We are in accord with these authorities. We think the ownership of the property as being in Johnson is sufficient and certainly this is true when it was taken from his possession, notwithstanding the fact that Mr. Heekin owned an interest therein, but trusted the possession of the stolen property to Mr. Johnson, from whom it was taken by plaintiff in error. See Mathews v. State, 85 Fla. 194, 95 So. 609; Kennedy v. State, 31 Fla. 428, 12 So. 858; Parker v. State, 75 Fla. 741, 78 So. 980.

It is next contended that the lower court erred in receiving evidence of an alleged confession prior to the time

the State, by competent testimony, had first established the *corpus delicti* of the larceny. A number of authorities are cited to support this contention. An examination of the testimony offered by the State shows conclusively that the State had proved the crime was committed prior to the admission of the confession. This assignment is without merit. See Smith v. State, 93 Fla. 238, 112 So. 70.

Counsel for plaintiff in error argues that the lower court erred in admitting evidence procured as the result of an illegal search and seizure without warrant or reasonable grounds. This assignment is solely a question of law and fact which the lower court fully considered and passed upon during the trial. The motion to suppress certain testimony was before the Court: (1) when evidence was heard on the motion to suppress, and (2) when it was offered by the prosecution during the progress of the trial and objected to by counsel for defendant and ruled upon by the court below. We fail to find error in this assignment. See Robertson v. State, *supra*.

The transcript shows that after all evidence had been taken and while Mr. Cannon, Assistant County Solicitor, was addressing the jury, the following occurred:

"* * * Following informal recess, arguments were presented to the jury by respective counsel; and during arguments by Mr. Cannon on behalf of the State:

"MR. DONALD DEHOFF: We object to the statement of the assistant County Solicitor that Kuropi took the witness stand and endeavored to clear his buddy.

"THE COURT: The objection is overruled, exception noted for defendant.

"* * * And Mr. Cannon further arguing to the jury that the defendant, who inspired the testimony of Kuropi, is now before the jury expecting a verdict at their hands:

"MR. DONALD DEHOFF: .Your Honor, I object to the remarks of counsel by saying 'that thief sitting right there.' The presumption of innocence goes with the defendant until the jury goes out to consider their verdict, and the remarks of the prosecutor are very highly prejudicial; and I demand that one of the jurors be withdrawn and a mistrial declared.

"THE COURT: The motion is denied, exception noted for the defendant.

"* * * And during arguments to the jury by Mr. William DeHoff on behalf of the defendant, arguing to the jury that Mr. Cannon ranted to the jury to get the defendant sent to the State Penitentiary, at the beginning of his life:

"MR. CANNON: If the Court please, I object to Mr. De-Hoff making any further reference to what the punishment would be in case this defendant is convicted. The Court knows that that is the law, and if Mr. DeHoff does not know it, I ask the Court to instruct him not to argue to the jury what the punishment may or may not be.

"THE COURT: What was the statement made by counsel?

"MR. WILLIAM DEHOFF: I will refrain from that, your Honor.

"* * * And further during arguments by Mr. DeHoff, statement was made as to certain things which he knows; the statement was objected to by Mr. Cannon, and the statement withdrawn by Mr. DeHoff."

It cannot be overlooked that this assignment presents an important question in the administration of our criminal laws. The presumption of innocence follows the accused throughout the trial and must be overcome by evidence and not by inflammatory remarks of counsel. The fact that the Prosecuting Attorney referred to plaintiff in error as "that thief sitting there" presents here a border line question. It was within his prerogative to discuss the evidence

and inferences that made him a thief, but he had no right to invade the rights of the defendant. If such comments are brought to the attention of the Court, it is his duty to reprimand counsel and compel them to stay within the record. See McCall v. State, 120 Fla. 707, 163 So. 38. It is likely that the trial court considered the comment as reasonable inference drawn from all the evidence which had been presented by the parties and for this reason declined to interfere. It has not been clearly shown that the lower court abused its discretion in the ruling presented. If it was error we fail to see or observe how the rights of the plaintiff in error were adversely affected. See Section 4499 C. G. L.

The next assignment is the sufficiency of the evidence to sustain the verdict. We have read carefully all the evidence offered in the case. The motion for a directed verdict was made on a number of grounds unnecessary to recite. If the evidence is conflicting or will admit of different reasonable inference, or if there is evidence to prove the issue, it should be submittd to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 57 Fla. 406; 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916C 1208; Bass v. Ramos, 58 Fla. 161, 50 So. 945, 137 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fla. 62, 68 So. 66; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlastic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 946.

See King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Jacksonville v. Glover, 69 Fla. 701, 69 So. 20; Gravette v. Turner, 77 Fla. 311, 61 So. 476; Gulf Refining Co. v. Ankeney, 102 Fla. 151, 135 So. 521.

The order of the lower court in overruling and denying the defendant's motion for a new trial is assigned as error. The evidence was conflicting and presented purely a question to be decided by a jury. Where there is evidence from which all the essential elements of the crime may legally have been found, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions for the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. See Pickerson v. State, 94 Fla. 268, 113 So. 707; Bullard v. State, 95 Fla. 997, 117 So. 381.

We have considered each assignment in light of the entire record and think that substantial justice was awarded in the court below and for this reason the judgment appealed from is hereby affirmed.

ELLIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.