ALLEN, Acting Chief Judge.
Jerry Gray, the appellant, was convicted in Broward County of the offense of receiving and concealing stolen property.
The information charged Gray with the offense of receiving and concealing stolen property of one, G. G. Sirman, doing business as Tropical Awning, Shutter and Jalousie Company of Miami. The appellant states this question:
“In order to sustain a conviction of receiving and concealing stolen property, must the ownership of the stolen property be alleged and proven?”
The appellee rephrases the question as follows:
“Whether or not the State proved the allegation of ownership of the stolen property which was proven to have been received by the appellant with full knowledge that it was stolen property?”
The State argues in its brief:
“At the outset the appellant under Point I of his brief argues the issue of whether or not the state must prove the ownership of the stolen property in a case of this nature. As support for that position the appellant cites the case of Palaez v. State, 107 Fla. 50, 144 So. 364. The state takes no issue with the contention that it must prove, as alleged in the information, the ownership of the stolen property received and/or concealed by the defendant in a case of this nature. However, it is the state’s contention that the allegation of ownership in this case was clearly and unequivocally established.”
The State then claims that the issue is simply whether the State proved that Tropical Awning, Shutter & Jalousie Co. of Miami owned the property that was stolen, as alleged in the information filed in this case.
The testimony of the witnesses was to the effect that ownership of the property was in Tropical Awning, Shutter & Jalousie sence of any testimony that the property was owned by G. G. Sirman or that Sir-Co. of Miami, but there was a complete ab-man was doing business as Tropical Awning, Shutter & Jalousie Co. of Miami.
The duty of the State was to prove not that Tropical Awning, Shutter & Jalousie Co. of Miami owned the property, but that G. G. Sirman owned the property. Since there is no evidence in the record showing the ownership of the property to be in G. *94 G. Sirman, as alleged in the information, this case must be reversed for a new trial.
Reversed.
SHANNON, J., and GERALD, LYNN, Associate Judge, concur.