HARRY N. SANDLER, Associate Judge.
The defendant in the trial court, appellant here, was indicted and upon trial found guilty on the charge that he “did unlawfully and feloniously receive and aid in the concealment of one Gator boat trailer * * *, all of the value of more than $100.00, which said property had theretofore been stolen from David J. Craig, and was the property of David J. Craig, * * * ” knowing the same to have been stolen. At the trial it developed from the state’s evidence that while Craig was lawfully in possession of the boat, he was not the owner. The defendant relies for reversal on the case of Gray v. State, 104 So.2d 92, wherein this court reversed the conviction because the ownership of the property was not proven as alleged in the information. Apparently the question of lawful possession was not involved in that case. In the instant case the indictment alleges not only that the boat was the property of Craig but that “said property had theretofore been stolen from David J. Craig”. Larceny is a criminal trespass upon the right of possession. Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360. In the case of Cortes v. State, 135 Fla. 589, 185 So. 323, 326, in discussing this question the Supreme Court said:
“The defendant then contends that because the evidence shows that the cigarettes actually belonged to persons other than the St. Johns River Lines, as alleged in the information, there is a fatal variance between the allegata and probata. The record shows that the St. Johns River Lines was transporting the property for other persons and that it was in lawful custody of the property and entitled to its possession. Therefore, there is no merit in this contention. Shiver v. State, 103 Fla. 871, 138 So. 502; Mathews v. State, 85 Fla. 194, 95 So. 609; Parker v. State, 75 Fla. 741, 78 So. 980, 2 A.L.R. 350.”
During the course of the trial it developed that the state’s witnesses who had been placed under the rule for the separation of witnesses, had in their possession a recording machine on which had been recorded testimony previously given by state’s witnesses and which had been brought along at the request of the State Attorney to be used for impeachment purposes. Defendant, by counsel, moved the court to strike the testimony of the witnesses in the room with the machine, which motion was denied by the court and which ruling is here assigned as error. The matter of placing witnesses under, or exempting them from the rule for separation of witnesses, is within the discretion of the *298 trial judge and his ruling will not he disturbed unless it is made to appear that there was an abuse of discretion and that such abuse worked to the prejudice of the party complaining. Lang v. State, 137 Fla. 128, 187 So. 786; Young v. State, Fla.App., 99 So.2d 304. There is no evidence in the record that the recording machine was played back before the witnesses, that they were in any manner influenced thereby, or that the defendant was in any wise prejudiced. We find no error on this assignment.
Assignments one to six, inclusive, bring for consideration the ruling of the trial court in denying the motion to quash the indictment and denying the motion to suppress the evidence. Brown, the defendant, was a constable in Collier County. The boat was found in his possession by two deputy sheriffs from Dade County, who informed him that the property was believed to have been stolen and that they had some man in custody that was charged with the theft. Brown readily explained to the officers how he obtained the disputed property and gave the officers a preliminary statement. One of the deputy sheriffs, who was a witness on behalf of the state, advised Brown that he wanted to go into more facts of the case, requested a statement from Brown and that he, Brown, come to Dade County for the purpose of assisting the deputy sheriffs. When Brown arrived in Miami he had been indicted by the Dade County grand jury on the charge of receiving stolen property, which was unbeknown to Brown at the time, and he proceeded to give a statement to the deputy sheriffs, after which he was placed under arrest. The indictment by the Dade County grand jury was nolle prossed. Brown was later indicted by the Collier County grand jury, which indictment was also nolle prossed, and again indicted by the Collier County grand jury on the 17th day of March, 1958. The defendant, by counsel, moved to quash the indictment and to suppress the evidence or statements which Brown had given to the Dade County deputies on the ground, substantially, that the statements had been used against him before the grand jury.
There is, of course, no evidence in the record as to what testimony was submitted to the grand jury but even so, the rule has been adopted in this state that a court for the purpose of quashing an indictment will not inquire into the nature or character of the evidence that influenced the grand jury. Richardson v. State, 100 Fla. 835, 130 So. 718. At the trial, over objections, the statement given by the defendant to the officers in Dade County, as well as the two checks he had given in part payment for the boat, were admitted in evidence. The defendant complains that this ruling was erroneous; that under the circumstances the statement was not voluntarily made, and that he was not warned that the statement might be used against him. The statement given by the defendant was not a confession of guilt but rather a declaration or admission of independent facts which might go to prove guilt or from which guilt might be inferred. The term “confession” is restricted to an acknowledgment of guilt made by a person after an offense has been committed.
“An incriminating admission is admissible, whether made to a private citizen or to an officer, if it is affirmatively shown to have been free and voluntary, though if made to an officer while accused is in custody, question of voluntariness vel non should be more stringently examined into and slighter evidence of threats or inducements may suffice to exclude it.” Louette v. State, 152 Fla. 495, 12 So.2d 168.
The case of Stoutamire v. State, 133 Fla. 757, 183 So. 316, deals with the admissibility of a confession which was allowed to be introduced after the court had determined that it was free and voluntarily made to the officers. It was there held that a confession voluntarily made was not inadmissible merely because the defendant *299 was not advised by the officers of his constitutional rights. There is a distinction between judicial and extra judicial confessions. The record in this case shows that before the statement was admitted into evidence the court, in the absence of the jury, first determined that the statement was made voluntarily and freely and was not the result of inducement or fraud. As a matter of fact, the record shows rather fully that the defendant at all times in the investigation in this case cooperated with the officers and offered his assistance.
We have carefully examined the remaining assignments of error and find them to be without merit. The judgment entered by the court in this case is deficient in that it fails to include all the elements of the offense of which the defendant was convicted. See Mathis v. State, 134 Fla. 352, 184 So. 89. This cause is therefore remanded to the trial court for proper judgment and sentence, in all other respects affirmed.
KANNER, C. J., and ALLEN, J., concur.