WIGGINTON, Chief Judge.
Appellant Was convicted in the Criminal Court of Record of Duval County for the offense of receiving stolen property. On appeal from the judgment of conviction and sentence appellant presents three points for reversal.
It is contended that the judgment should be reversed for the reason that the State failed to prove that the owner of the stolen property as alleged in the information was in fact a corporation. The information charges defendant with having stolen forty automobile tires of the property, goods and chattel of one Criswell Tire Co., Inc., a corporation. On trial one witness testified that the stolen property received by defendant was owned by Criswell Tire Company. No evidence was introduced to show that this company was duly and legally incorporated under the laws of Florida, or of any other state or nation, nor was there any evidence showing that Criswell Tire Company was in fact a corporation as alleged in the information.
Based upon the foregoing state of the record appellant contends that the State’s proof was not sufficient to sustain the conviction, and the judgment should therefore be reversed. The precise questions presented here were passed upon by our Supreme Court in the Duncan case.[1] In that case appellant was indicted for unlawfully burning a railroad trestle of the Florida Central and Peninsular Railroad Company, a corporation. The judgment was attacked on the same grounds presented in the case now on appeal. In rejecting the appellant’s contention in the Duncan case that the judgment should be reversed because the State had failed to prove that Florida Central and Peninsular Railroad Company had been duly and legally incor *507 porated under the laws of Florida or of some state or nation, our Supreme Court held that the name of the owner is material only as part of the description or identification of the stolen property. It was held that it was not necessary to either allege or prove that the corporate organization was duly, legally or regularly accomplished.
In the Duncan case appellant also contended that the evidence was insufficient to prove that the trestle was owned by the corporation named in the indictment. In rejecting this contention our Supreme Court said:
"Under the last assignment of error it is also contended that the evidence does not show the ownership of the property alleged to have been burned. In the testimony we find the following, from the State’s witness, H. L. Taylor: 'I am a conductor in the employ of the Florida Central and Peninsular Railroad. On May 17, 1891, I was in charge as conductor of a passenger train on said road. The train was going east, about the 62½ milepost from Jacksonville, about 2½ miles west from Lake City for some cause the train stopped. I went forward and found that some one had set fire to a bridge under and supporting the railroad track, which bridge was on fire. The fire had been set to a stringer on one side of the railroad track the stringer was on fire, and would have burned in two.’ Here we have this witness testifying that he at the time of this crime, was in the employ of one of our well-known railway corporations as conductor of one of its passenger trains ‘on said road.’ His train coming to a stop he went forward, and found that some one had set fire to a bridge under and supporting the railroad track. He had before mentioned the Florida Central and Peninsular Railroad, and was talking only about the road of that company; then he identifies the bridge as being under and supporting the track of that road. This we think clearly proved the bridge to be a part of the roadbed of the Florida Central and Peninsular Railroad Company, and that its ownership of the bridge in question was thereby sufficiently shown to leave no room for a reasonable doubt on the subject. And we think, too, from this evidence that it was sufficiently shown that the company named was de facto in existence, and de facto exercising corporate functions in operating trains over its road.”
Appellant relies for reversal on the authority of the Gray case decided by the Second District Court of Appeal.[2] In that case the information charged that defendant had received stolen property of one G. G. Sirman, doing business as Tropical Awning, Shutter and Jalousie Company of Miami. The State’s proof showed only that the stolen property was owned by Tropical Awning, Shutter and Jalousie Co. of Miami, but there was a complete absence of any testimony that the property was owned by G. G. Sirman, or that Sirman was doing business as Tropical Awning, Shutter and Jalousie Company of Miami as alleged in the information. The District Court of Appeal held that since the information charged that the property was owned by Sirman, the failure to establish this fact of ownership was fatal to the conviction, and the judgment was accordingly reversed. The rationale of the Gray case is that the words following the name of the alleged owner, G. G. Sirman, to-wit: “doing business as Tropical Awning, Shutter and Jalousie Company of Miami”, were mere surplusage, and being but a fictitious name, was not the name of any entity legally capable of owning property. If the awning and shutter company had been shown to be a legal entity capable of owning and holding property, there would have appeared in the record a fatal variance between the name of the owner as alleged *508 in the information, and the proof of ownership shown by the evidence. The holding of the District Court in the Gray case is not applicable to the facts involved in the case now before us for review, and is not authority in support of appellant’s position on this appeal.
For the reasons above mentioned we hold that the proof in this case was sufficient to establish ownership of the stolen property alleged to have been received by defendant, and his contention to the contrary must be rejected.
We have considered the remaining points on appeal but find them to be without substantial merit. The judgment is accordingly affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, J., dissents.

. Duncan v. State of Florida, 29 Fla. 439, 10 So. 815, 817.

. Gray v. State of Florida, Fla.App.1958, 104 So.2d 92, 93.