PER CURIAM.
The appellant, defendant in the Criminal Court of Record in and for Dade County, Florida, appeals several convictions which were based upon two informations filed by the State Attorney.[1]
The entire thrust of this appeal is that the evidence upon which the appellant was convicted was obtained as a result of an illegal search. Appropriate motions to suppress the evidence were made and same were duly objected to at the time of the trial. ' See: Sanchez v. State, 133 Fla. 160, 182 So. 645; Fuller v. State, Fla.1947, 31 So.2d 259. The appellant was arrested without a warrant, ostensibly because of the violation of the vagrancy ordinance of the City of Miami Beach. It is apparent from the record, as conceded by the State in its brief, that the evidence was insufficient to show a lawful arrest by the municipal officers because the offense for which the appellant was apprehended [to wit: vagrancy] did not occur in the presence of the arresting officer. In this connection, see: § 901.15, Fla.Stat., F.S.A.; Campbell v. County of Dade, Fla.App.1959, 113 So.2d 708.
Therefore, the arrest not having been legal, the evidence obtained as a result of. *682 said arrest should have been suppressed. See: Dickens v. State, Fla.1952, 59 So.2d 775; Brown v. State, Fla.1952, 62 So.2d .348 ; 22 F.L.P., Searches & Seizures, § 12. There being no other evidence to support the convictions, they are hereby reversed.
Reversed.

. The informations read, in part, as follows:
“⅜ * * did unlawfully and feloniously have in her actual or constructive possession or control a drug, to wit: AMPHETAMINE SALT AND BARBITU-BIC ACID DERIVATIVE in the form of CAPSULES, in violation of 404.02(4) E.S., * * * ”.
“ * ⅜ ⅜ did unlawfully, feloniously- and knowingly have in their (her) possession certain tools or implements, to-wit: ASSORTED MASTER AND-GRAND-MASTER KEYS, ICE PICK,. SCREW DRIVER AND PLIERS, adapted and designed for the cutting through, or breaking open of a building ⅜ * * ’A