SMITH, Judge.
Appellant was convicted of criminal attempt on an information charging he bought, received or aided in the concealment of a stolen tractor-trailer vehicle, the property of Food Haul, Inc., knowing it was stolen. Sections 811.16, 776.04, Florida Statutes (1973). His principal contention here is that the State did not prove ownership as alleged and, indeed, did not prove ownership at all.
No certificate of title or other documentary evidence of the vehicle’s ownership was introduced. No one testified in so many words that the vehicle was owned by Food Haul, Inc. Although one witness intimated the stolen vehicle belonged to A & P, the grocery chain corporation for whom Food Haul was a contract hauler, no suffi *1105 cient testimony to that effect was received. Yet the vehicle found disguised in appellant's possession was satisfactorily shown to be the vehicle stolen from the custody of a Food Haul employee who was operating it in the course of his employment. The vehicle then bore the name Food Haul on its doors; its tires were branded with Food Haul’s initials; and it was recovered as a result of a witness responding to a Food Haul advertisement offering a reward for its recovery.
We cannot accept appellant’s argument that Section 319.22(1), Florida Statutes (1973)[1] requires proof of ownership by a certificate of title. That statute concerns establishment of marketable title and does not purport to govern the character of evidence necessary for a criminal conviction. Pelaez v. State, 107 Fla. 50, 144 So. 364 (1932) presents greater difficulty. There the Supreme Court reversed a similar conviction because ownership of the stolen sugar was not proved to be “the property of O’Berry and Hall .Company, a corporation” as alleged, but was shown to be the property of Caldwell Bonded Warehouse, Inc. The statute there[2] as here did not explicitly make proof of another’s ownership an essential element, but the court held:
“[T]he statute impliedly contemplates that the ownership of the goods stolen shall be alleged and proven as alleged . . . 107 Fla. at 56, 144 So. at 366.
In Gray v. State, 104 So.2d 92 (Fla.2d DCA 1958), an information charged Gray knowingly received property stolen from “G. G. Sirman, doing business as Tropical Awning, Shutter and Jalousie Company of Miami,” but testimony showed “Tropical Awning, Shutter & Jalousie Co. of Miami owned the property.” The court held proof of G. G. Sirman’s ownership was essential. In both Peiaez and Gray a new trial was ordered. See also Ketelsen v. State, 211 So.2d 853, 854 (Fla.3d DCA 1968) (dictum).
Although the holdings of Peiaez and Gray seem not to have been explicitly receded from, their force is blunted by decisions giving effect to proof that the stolen property was owned by and in custody of one other than the person alleged to be the owner. Shiver v. State, 103 Fla. 871, 138 So. 502 (1931); Cortes v. State, 135 Fla. 589, 185 So. 323 (1938); Brown v. State, 111 So.2d 296 (Fla.2d DCA 1959) (in which the indictment alleged also the lawful possession of the true possessor). Other decisions have accepted ownership proof which established at most a logical inference of dominion rather than title. Duncan v. State, 29 Fla. 439, 10 So. 815 (1892); McClendon v. State, 117 So.2d 506 (Fla.1st DCA 1960). Having in mind that "allegation and proof of ownership in such a case as this is principally to negate the accused’s ownership, Cannon v. State, 289 So. 2d 445 (Fla.2d DCA 1974), and that in burglary prosecutions “ownership is any possession which is rightful as against those alleged to be burglars,” Dorsey v. State, 324 So.2d 159, 160 (Fla.1st DCA 1975), we hold that Food Haul, Inc.’s ownership or right to possess the stolen vehicle was sufficiently proved to withstand appellant’s attack. Appellant’s other points are without merit.
AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.

. “(1) Except as provided in ss. 319.21 and 319.28, no person acquiring a motor vehicle from the owner thereof, whether such owner be a dealer or otherwise, hereafter shall acquire a marketable title in or to said motor vehicle until he, she, or it shall have had issued to him, her or it a certificate of title to said motor vehicle; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or an assignment of such certificate for said motor vehicle for a valuable consideration. Except as otherwise provided herein, no court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any such motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by and on a certificate of title duly issued, in accordance with the provisions of this law.”

. Section 7239, CGL (1927): “Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished . . . . ” Sec. 811.16, Fla.Stat. (1973) was essentially identical.