Mr. David G. Conn Attorney Clerk of the Circuit Court St. Johns County 28 Cordova Street Post Office Box 408 St. Augustine, Florida 32085-0408
Dear Mr. Conn:
This is in response to your request for an Attorney General Opinion regarding substantially the following question:
 WHETHER THE INITIAL COMPLAINT AFFIDAVIT AND ARREST REPORT IN A CRIMINAL CASE FILE ARE EXEMPT FROM THE PROVISIONS OF s 119.07(1), F.S., PURSUANT TO s 119.07(3)(m), F.S.?
You state in your letter that the case file in every criminal case includes the initial complaint affidavit and arrest report, and that these documents frequently contain a reference to "some statement or admission on the part of the defendant." You have submitted this request on behalf of the Clerk of the Circuit Court for St. Johns County who is concerned that pursuant to s 119.07, F.S., as amended by s 1, Ch. 83-286, Laws of Florida, these documents are exempted from the public disclosure provisions of s119.07(1), F.S.
The Public Records Law, Ch. 119, F.S., provides that it is the policy of the state that all state, county and municipal records shall be open at all times for a personal inspection by any person. Section 119.01, F.S. The statutory provisions governing inspection and examination of records are contained in s119.07(1), F.S. It is generally provided, in s 119.07(1), F.S., that the custodian of public records shall permit the inspection and examination of such records by any person at reasonable times, under reasonable conditions, and under the custodian's supervision. Upon payment of fees as prescribed by law or payment of the actual cost of duplication if such fees are not so prescribed, the custodian of the records shall furnish copies or certified copies of the records. Section 119.07(1)(a), F.S.
The exception to this requirement may be found in subparagraph (3) which states that "[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1)." Section119.07(3)(a), F.S. Subsection (2)(a) provides that a custodian of public records who asserts that an exemption provided in subsection (3) applies to a particular record must delete or excise from the record only that portion of the record for which the exemption is asserted and the remainder of the record must be produced for inspection and examination. See also, s 119.07(2)(b), F.S., as amended ("[i]n any action in which an exemption is asserted pursuant to . . . paragraph [m] of subsection [3], the record or records shall be submitted in camera to the court for a de novo inspection. . . . If the court finds no basis for the assertion of the exemption, it shall order the records to be disclosed"). Therefore, to the extent that an exemption exists pursuant to s 119.07(3)(m), F.S., as amended, only that material may be deleted or excised from the record or document for which the exemption is specifically asserted and the remaining portions of the record or document must be produced for inspection pursuant to s 119.07(2)(a), F.S.
Section 1, Ch. 83-286, Laws of Florida, among other things, added paragraph (m) to subsection (3) of s 119.07, F.S., to include a specific exemption from the inspection requirements of s119.07(1), F.S., for information revealing the substance of a confession. Section 119.07(3)(m), F.S., provides that:
 Any information revealing the substance of a confession of a person arrested or of witness lists exchanged pursuant to the provisions of Rule 3.220, Florida Rules of Criminal Procedure, is exempt from the provisions of subsection (1), until such time as the charge is finally determined by adjudication, dismissal, or other disposition.
And see, s 119.07(4), F.S., which states that nothing in s 119.07, F.S., shall be construed to exempt from disclosure under subsection (1) records made part of a court file and not specifically closed by order of court except as provided in paragraphs (e), (f), (g) and (m) of subsection (3).
Neither subsection (3)(m) nor any other provision of Ch. 119, F.S., contains any definition of the term "confession" for purposes of the public records law nor is there a definition of "the substance of a confession" as used in s 119.07(3)(m), F.S. However, a number of Florida cases and encyclopedic sources have defined these terms and distinguished a confession from various other similar statements.
"Confession" is defined as "the avowal or acknowledgment of an action, especially of one that is inculpatory . . ., a voluntary admission of guilt." 15A C.J.S. Confession p. 350. As defined in Black's Law Dictionary, a confession is "[a] voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act or the share and participation which he had in it." Black's Law Dictionary 269 (5th ed. 1979). As stated in 83 C.J.S. Substance p. 761: "The term `substance' is frequently employed to signify that which is essential; and in this sense is defined as meaning the characteristic and essential components of anything; the most important element in any existence; the main part; the essential part; the essential or material part; the main or material part. . . ." "Substance" is defined by Black's Law Dictionary at 1280, supra, as: "Essence; the material or essential part of a thing, as distinguished from `form.' That which is essential." The "substance of a confession" would appear to be the material or essential part of a statement made by a person charged with the commission of a crime in which he or she acknowledges guilt of the offense charged, and discloses the circumstances of the act or the participation which he or she had in it, i.e., a statement inculpating the offender in which the essential elements or summary of such essential elements of the acts constituting the entire criminal offense or charge are acknowledged.
The Florida Supreme Court has construed the term "confession" and distinguished a confession from an admission in a number of cases. In Louette v. State, 12 So.2d 168, 172 (Fla. 1943), it is stated that "[t]he term `confession,' in its legal sense, is restricted to an acknowledgment of guilt, made by a person after an offense has been committed, and it does not apply to a statement or declaration of an independent fact from which such guilt may be inferred." And see, Brown v. State, 111 So.2d 296, 298 (2 D.C.A.Fla., 1959) "the term `confession' is restricted to an acknowledgment of guilt made by a person after an offense has been committed." The distinction between a "confession" and an "admission" is clearly drawn in a number of Florida cases. In Bates v. State, 84 So. 373, 376 (Fla. 1919), the Florida Supreme Court indicated that "[a] `confession' is an admission of guilt and not an admission of a fact or circumstance from which guilt may be inferred." The court in Parrish v. State, 105 So. 130, 133
(Fla. 1925), held that "[t]he statements of the defendant . . . were not `confessions of crime,' in the sense of an acknowledgment of the criminal act charged or of the facts that constitute the crime. At most they were but admissions of facts or circumstances from which guilt might be inferred. . . . Such statements were therefore `admissions' and not `confessions'." In Louette v. State, supra, the term "confession" was found not to apply to a mere admission or declaration of an independent fact which would tend to prove guilt or from which guilt could be inferred and the court noted that this distinction between confessions and inculpatory admissions has been generally accepted and followed by the court. Finally, as the court stated in Palmer v. State,145 So. 69, 72 (Fla. 1933) "[a]n acknowledgment of a subordinate fact, not directly involving guilt, or, in other words, not essential to the crime charged, is not a `confession,' . . . . Therefore, when a person only admits certain facts from which a jury may, or may not, infer guilt, there is no `confession' as that term is understood in the criminal law."
In sum, while the initial complaint affidavit and arrest report in a criminal case file may contain "a reference to some statement or admission on the part of the defendant" this does not necessarily reveal the substance of a confession and only the "substance of a confession" is exempted from public disclosure by s 119.07(3)(m), F.S. Other types of admissions or statements not constituting "the substance of a confession" are not exempted from the provisions of s 119.07(1), F.S. Finally, as is clearly expressed in s119.07(2)(a), F.S., if an exemption to the inspection and examination requirements of the Public Records Law is asserted by the custodian of such records pursuant to s 119.07(3), F.S., as amended, only that portion of the record for which the exemption is asserted shall be deleted or excised and the remainder of the record must be produced for inspection and examination as provided in s 119.07(1), F.S.
Therefore, unless and until judicially or legislatively determined otherwise, only such portions of the initial complaint and arrest report in a criminal case file which reveal the "substance of a confession," i.e., the material parts of a statement made by a person charged with commission of a crime in which he or she acknowledges guilt of the essential elements of the act or acts constituting the entire criminal offense, is exempted from the provisions of s 119.07(1)(a), F.S., and if such exemption is asserted by the custodian of such records, the custodian shall delete or excise only that portion of the record for which the exemption is asserted and the remainder of the record must be provided for inspection and examination as provided in s119.07(1), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General