59 So.2d 776 (1952)
STATE
v.
ANDERS.
Supreme Court of Florida, Special Division B.
June 27, 1952.
Richard W. Ervin, Atty. Gen., and Leonard Pepper, Asst. Atty. Gen., for appellant.
James A. Fischette, Jacksonville, for appellee.
REVELS, Associate Justice.
This is an appeal by the State of Florida, appellant, from orders entered by the Criminal Court of Record in and for Duval County, Florida, overruling a demurrer to the motion to quash and granting the motion to quash an information charging Charles Anders, appellee, with the larceny of an automobile, upon the ground of former jeopardy.
On August 28, 1951, an information was filed charging Charles Anders with the larceny of an automobile, on July 10, 1951, the property of Wolfe Construction Company, Inc. Anders pleaded not guilty, a jury was impaneled and sworn, and during the progress of the trial evidence disclosed that the automobile was not the property of Wolfe Construction Company, Inc. Upon motion of appellee for directed verdict, on the ground that there was a material variance between the information and the evidence, the Court below directed a verdict in favor of appellee. Thereafter, on September 26, 1951, an information was filed *777 charging Charles Anders, appellee, with the larceny of an automobile on July 10, 1951, the property of one Mrs. B.J. Erwin. Motion to quash the information was filed November 14, 1951, setting up the defense of former jeopardy, which motion was granted. It is admitted by stipulation of facts that the defendant, the larceny and the automobile were the same in each information, only the alleged ownership of the automobile was different and that Wolfe Construction Company, Inc., and Mrs. B.J. Erwin were not the same person.
One of the questions presented here is whether or not ownership of property is a material element of the crime of larceny. Section 811.01, Florida Statutes, F.S.A. says, in part, "Whoever commits larceny by stealing of the property of another * * *". It is quite evident from reading the statute that the charge of larceny cannot be made without the allegation that the property belongs to one other than the accused; otherwise, the presumption would prevail that the accused possessed a lawful right to the property. The allegation of ownership of property is a material and essential element of the crime of larceny, and ownership must be alleged and proven to support a conviction upon such charge. See Alvarez v. State, 157 Fla. 254, 25 So.2d 661, 663, "The name of the true owner * * * is a material allegation of the information." Absolute ownership is not essential but lawful possession or a limited ownership is sufficient to establish interest in another person and to show that the accused does not have any lawful interest in and to the property alleged to have been stolen. It is also necessary that the charge contain the name of the legal owner or bailee as a part of the description of the property which has been stolen. In the case of Byrd v. State, 146 Fla. 686, 1 So.2d 624, 626, it was held
"The name of the owner alleged in an indictment or information is first to show ownership to be in one other than the accused and, second, as a part of the description of the property."
The rule laid down by the great weight of authority to determine the test of double jeopardy is this; if the facts charged in a subsequent information would, if found to be true, have warranted a conviction upon a prior information, a prosecution under the subsequent information is barred.
In 22 C.J.S. Criminal Law, § 298, page 453, under the subheading Larceny, the following appears:
"However, an acquittal or a conviction of the larceny of property alleged in the indictment to belong to A is not a bar to an indictment and prosecution for larceny of the same property which is alleged to belong to B, unless it is actually proved that A and B are the same person, in which case the former conviction or acquittal is a bar; nor is a prosecution under an indictment charging a theft of property from two persons a bar to a subsequent prosecution under another indictment alleging ownership in either one of them."
In State v. Bowden, 154 Fla. 511, 18 So.2d 478, 480, this Court held:
"* * * The test is whether the defendant has been twice in jeopardy for the same identical crime, not whether he has been tried before upon the same acts, circumstances or situation the facts of which may sustain a conviction for a separate crime. * * * if the facts which will convict on a second prosecution would not necessarily have sustained a conviction on the former prosecution for the crime there charged, then the first prosecution will not stand as a bar to the second, although the offenses charged may have been committed in the same transaction. * * *"
Applying the foregoing rule to the facts of this case we find that in the first information the ownership of the automobile was alleged to be in Wolfe Construction Company, Inc., and that the facts charged in the second information allege the automobile to be the property of Mrs. B.J. Erwin. Proof required to sustain a conviction on the first information would not sustain nor permit a conviction on the second information. The same evidence would not sustain a conviction on both informations, the offense charged in the second *778 information not being the same as charged in the first information. Therefore, the defence of double jeopardy must fall. The State's demurrer to appellee's motion to quash the information should have been sustained by the lower Court.
The appellant raises another question in its brief, to-wit: Can a defendant at his own instance obtain a directed verdict on the ground of material variance between the information and the proof, and later urge that the former prosecution constitutes a double jeopardy? The appellant presents eminent authorities in support of the doctrine of estoppel operating against the defendant in this type of case, but error having been made to appear on the main question herein it will serve no useful purpose to elaborate on the question of estoppel in this opinion.
The orders appealed from are reversed and the cause is remanded with directions to sustain the demurrer to appellee's motion to quash.
Reversed.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.