183 So.2d 555 (1966)
Isiah WILCOX and Frank Hanks, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 65-39, 65-219.
District Court of Appeal of Florida. Third District.
March 1, 1966.
*556 George Nicholas, Ernest W. Yocom and Richard Barest, Miami, for appellants.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, CARROLL and BARKDULL, JJ.
TILLMAN PEARSON, Judge.
These appeals were argued together and will be dealt with in one opinion. An information was filed against the appellants on February 18, 1964, charging the crime of grand larceny. The information charged that the appellants had taken property belonging to the Curtiss National Bank of Miami Springs, Florida. They were adjudged not guilty and were discharged.
On May 14, 1964, a second information for grand larceny was filed against these appellants. An information for entering without breaking an automobile was filed on May 20, 1964. The new information for larceny alleged the same facts as the previous grand larceny information, except that it was alleged that the appellants had taken property from the possession of "M.A. Koshock, bailee or custodian." The appellants moved to quash the information upon the grounds of double jeopardy and failure to allege ownership. The Court denied the motions. The defendants moved for directed verdicts on the same grounds, and at the conclusion of the case, the court again denied the motions. The defendants were found guilty as charged and these appeals followed. No question concerning the procedure followed to present the issue of double jeopardy is raised by the State.[1] The State has met the issue upon the law, and it is clear from the record that the issue was fully presented to the trial court.
The Supreme Court of Florida has had an occasion to rule upon a similar factual situation in Le Rea v. Cochran, Fla. 1959, 115 So.2d 545. A petition for habeas corpus was presented where petitioner attempted *557 to raise the issue of double jeopardy. Petitioner had been first tried for stealing property of a party, named in the information, to whom the property did not actually belong. In other words, the first trial was not for stealing the property of the owner alleged in the second information, although the property was the same. The court disposed of the petition upon a holding that, under these facts, acquittal upon the first information did not bar prosecution under the second. See also State v. Anders, Fla. 1952, 59 So.2d 776.
This holding would govern the present appeal if it were not for the fact that in the instant case the first information alleged ownership of the property in the Curtiss National Bank and the second information did not allege ownership in anyone, but alleged a right of possession in a bailee.
The general rule is that where personal property is taken feloniously from any bailee the ownership may be laid in the information either in the possessor or the real owner at the election of the pleader. Kennedy v. State, 31 Fla. 428, 12 So. 858, 859 (1893); Mathews v. State, 85 Fla. 194, 95 So. 609 (1923). The purpose for an allegation and proof of ownership is to show that the property belongs to one other than the accused. State v. Anders, Fla. 1952, 59 So.2d 776.
In the instant case the State proved that the money was given to the one having possession by a police officer who had obtained the money from an officer of the Curtiss National Bank of Miami Springs, and that after the arrest of the defendants, the money was returned to the Bank. There is no other proof of ownership.
If the proof recited was insufficient to prove ownership, then the proof was insufficient to prove larceny. The ownership of the property alleged to have been stolen must be proved to have been in one other than the accused in order to support a larceny conviction. State v. Anders, supra, Fla. 1952, 59 So.2d 776.
If, upon the other hand, the proof recited was sufficient to prove ownership in the Curtiss National Bank, then these defendants stand convicted of a larceny of which they had previously been acquitted; that is, the taking of property belonging to the Curtiss National Bank. If the first information is such that the accused might have been convicted under it on proof of the facts by which the second information is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial on the second. Sanford v. State, 75 Fla. 393, 78 So. 340 (1918); Marshall v. State, Fla. 1956, 89 So.2d 1.
The State urges that these defendants have not been placed in jeopardy a second time for the same offense. It is argued that the first information alleged ownership in the Bank, while the second alleged possession in a bailee or custodian, which is an ownership interest. Kennedy v. State, 31 Fla. 428, 12 So. 858 (1893). The State concludes that the necessary proof needed to prove this particular element (ownership) must differ in the two cases. Le Rea v. Cochran, Fla. 1959, 115 So.2d 545.
If we accept the State's argument, in every case of larceny from a bailee, the accused could be prosecuted for two crimes when he has committed only one. In Hearn v. State, Fla. 1951, 55 So.2d 559, 28 A.L.R.2d 1179, the Court held that one who steals the property of two owners by a single act commits only one larceny. The Court established the law of this jurisdiction by holding:
"We will align ourselves with the majority rule in this country because we feel that to permit the dividing into several larcenies of objects which are the subject of larceny, although belonging to separate owners, when stolen at the same time, from the same place, and under the same circumstances with the same intent, would be violative of the spirit of the Constitution of the United States and the State *558 of Florida that a man should not be put in jeopardy twice for the same offense. See also Notes in 31 L.R.A.,N.S., 723, and 42 L.R.A.,N.S., 967."
If but one larceny was committed in the Hearn case, we cannot logically hold that these defendants, having been acquitted of larceny from the true owner, can now be lawfully prosecuted for larceny from the bailee. The adjudications and sentences for larceny must be reversed.
This leaves the adjudication and sentence for entering without breaking an automobile. This charge is for a violation of section 810.051, Fla. Stat., F.S.A.[2] The gravamen of the offense charged in the information is the entry with intent to commit larceny. A prior conviction or acquittal will bar a subsequent trial for the same offense or for a lesser offense necessarily included in the first offense. Boswell v. State, 20 Fla. 869 (1884). It is clear that this is a crime separate from larceny and that it is not a lesser included offense of larceny. See Brown v. State, 135 Fla. 90, 184 So. 777 (1938); State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); State v. Bacom, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050 (1947). The judgments and sentences under § 810.051, Fla. Stat., F.S.A., are affirmed and the judgments and sentences upon the charge of larceny are reversed. Pursuant to section 924.36, Fla. Stat., F.S.A., it is ordered that the defendants be discharged from the larceny charges.
Affirmed in part and reversed in part.
NOTES
[1] As to method of presenting the defense, see the discussion in Le Rea v. Cochran, infra.
[2] Section 810.051, Fla. Stat., F.S.A. provides:

"Breaking and entering or entering without breaking vehicle.  Whoever breaks and enters any automobile, truck, trailer, semitrailer, or housecar with intent to commit any crime, and whoever enters without breaking any automobile, truck, trailer, semitrailer, or housecar with intent to injure the same or any property therein or to commit larceny, shall be guilty of a felony and shall be punished by a fine of not less than $25.00, nor more than $1,000.00, or imprisonment for not less than 30 days nor more than 1 year in the county jail or for not more than ten years in the state prison, or by both such fine and imprisonment."