LILES, Acting Chief Judge.
Appellant, State of Florida, brings these appeals from an order entered by the trial court quashing informations filed by appellant in three cases. We have consolidated the appeals for our consideration.
Appellee, Elvin W. Carroll, defendant below, was tried under an information, numbered 3589, for attempted bribery under Sec. 838.011, Fla.Stat., F.S.A. He was accused of offering Sheriff Willis V. McCall the sum of $1,000.00 per week in return for being allowed to manufacture “moonshine whiskey” in Lake County, Florida. Carroll was acquitted of this charge.
Subsequently the State filed three in-formations, numbered 3901, 3902 and 3903, charging Carroll and others with violating Sec. 838.071, Fla.Stat., F.S.A., entitled “Unlawful to offer public officer reward or compensation not authorized by law.” These informations alleged that Defendant Carroll and others had unlawfully offered Sheriff McCall $1,000.00 per week if he would allow them to manufacture “moonshine whiskey” in Lake County, Florida. The dates of the alleged crimes were prior to the date alleged in information numbered 3589.
Defendant moved to quash the three in-formations on the ground that he had previously been tried and acquitted of the identical offense. The trial court quashed the informations, stating:
“ * * * [T]hat Informations numbered 3901, 3902 and 3903 are brought *274 under Florida Statute § 838.071, but in fact charge the same crime of attempted bribery as was charged in Information numbered 3S89, and that the facts necessary to convict the defendant under In-formations numbered 3901, 3902 and 3903 are in fact the same facts which were either presented to the jury or could have been presented or considered by the jury in the trial of case on Information numbered 3589, and that, therefore, the acquittal of the defendant by the jury on Information numbered 3589 is a bar to the trial of the defendant under Infor-mations numbered 3901, 3902, and 3903, and that said acquittal amounts to former jeopardy; and after argument of counsel and testimony of Sheriff Willis V. McCall, the person who is named in the various Informations as the person attempted to be bribed, the court makes the following findings:
“In reaching its decision and opinion this court feels as controlling the case of Thomas v. State [74 Fla. 200], 76 So. 780, wherein the Supreme Court held that the ‘conviction or acquittal upon an information or indictment charging the defendant as a second offense with the sale of intoxicating liquors on a certain day in a County which had voted against the sale of such liquor under the provisions of Article 19 of the Constitution, is a defense to another prosecution based upon an alleged sale of intoxicating liquor prior to the date named in the first information or indictment.’ ”
The trial court also was of the opinion that defendant could have been convicted on the trial under information numbered 3589 of the offenses charged in the three subsequent informations and that:
“ * * * [T]he offenses charged under Florida Statute § 838.011 and Florida Statute § 838.071 are so closely related that the trial of the defendant under one of said statutes constitutes former jeopardy and a defense to the subsequent trial at a later date under the other statute for the same acts. * * * ”
We do not agree that Thomas v. State, 74 Fla. 200, 76 So. 780 (1917), controls this situation. In that case defendant had been charged with being “a common dealer of liquor” after having been once convicted of a like offense. The section under which he was prosecuted was a multiple offender-type statute. Defendant contended that his conviction or acquittal would be no defense in another prosecution charging him with having sold intoxicating liquors on a date prior to December 20, 1916, the date on which he was alleged to have sold liquor after having once been convicted of a like offense. The language of the Florida Supreme Court’s opinion in that case relied upon by the trial court was in answer to Defendant Thomas’ argument. The Court stated:
“ * * * The information charges the defendant with acts which if true make him guilty of the crime denounced by the statute, and proof of any sale prior to December 20, 1916, but within the time elapsing after the act became a law would be sufficient to sustain the charge if prior to the last sale he had been convicted of a life [sic] offense. It would seem to follow, therefore, and we so hold, that his conviction or acquittal on the information would be a complete defense to another prosecution based upon an' alleged sale of intoxicating liquor prior to December 20, 1916.” 74 Fla. at 206, 76 So. at 782.
We are of the view, however, that the trial court was correct in determining that the offenses charged under Secs. 838.-011 and 838.071, Fla.Stat., F.S.A., are so closely related that a conviction or acquittal under one constitutes former jeopardy and a defense to a subsequent prosecution under the other for the same act. Sec. 838.-011, Fla.Stat., F.S.A., reads:
“Any person who shall corruptly give, Offer or promise to any public officer, *275 agent, servant or employee, after the election or appointment or employment of such public officer, agent, servant or employee and either before or after he shall have been qualified or shall take his seat, any commission, gift, gratuity, money, property or other valuable thing, or to do any act beneficial to such public officer, agent, servant or employee or another, with the intent or purpose to influence the act, vote, opinion, decision, judgment or behavior of such public officer, agent, servant or employee on any matter, question, cause or proceeding which may be pending or may by law be brought before him in his public capacity, or with the intent or purpose to influence any act or omission relating to any public duty of such public officer, agent, servant or employee, or with the intent or purpose to cause or induce such public officer, agent, servant or employee to use or exert or to procure the use or exertion of any influence upon or with any other public officer, agent, servant or employee in relation to any matter, question, cause or proceeding that may be pending or may by law be brought before such other public officer, agent, employee or servant, shall be guilty of the crime of bribery.”
Sec. 838.071, Fla.Stat., F.S.A., reads in pertinent part:
“It is unlawful for any person to pay, give, offer or promise to any public officer, agent, servant or employee any reward, compensation or other remuneration, other than those provided by law, for the past, present or future performance, nonperformance or violation of any act, rule or regulation that may be or may have been incumbent upon such public officer, agent, servant or employee to administer, respect, perform, execute or have executed * *
While in some situations it might be possible to violate one statute without violating the other, under the circumstances of the cases at bar the offenses charged appear factually to be the same. The information under which defendant was acquitted charged him with attempted bribery in “corruptly and unlawfully offering and promising” Sheriff McCall “a certain sum of money if he would allow them to manufacture moonshine whiskey in Lake County, Florida, said sum of money * * * being in the sum of approximately $1,000.00 per week * * *.” Informations numbered 3901, 3902 and 3903 charge defendant, on different dates, with “offering reward or compensation to public officer” in that defendant and others “did unlawfully offer and promise to said Willis V. McCall * * * a certain sum of money if he would allow them to manufacture moonshine whiskey in Lake County, Florida, said sum of money * * * being the sum of One Thousand Dollars ($1,000.00) per week * * *.” Furthermore, the testimony of Sheriff McCall taken in connection with the hearing on defendant’s motion to quash indicates that the offenses charged in the three subsequent informations amount to attempted bribery under Sec. 838.011, Fla.Stat., F.S.A., a charge of which defendant has already been acquitted.
We feel, after a review of the record, that the trial court was correct in its opinion that defendant could have been convicted under the information for attempted bribery of the offenses charged in the informations numbered 3901, 3902 and 3903. If the facts charged in a subsequent information would, if found to be true, have warranted a conviction upon a prior information, a prosecution under the second information is barred. Bizzell v. State, 71 So.2d 735 (Fla.1954); State v. Anders, 59 So.2d 776 (Fla.1952); and Wilcox v. State, 183 So.2d 555 (D.C.A.Fla.1966).
In view of the foregoing, the order of the trial court is affirmed.
HOBSON, J., and HODGES, JOHN G., Associate Judge, concur.