PER CURIAM.
By an information filed in Dade County the appellant Elsie Hursey Johnson was charged in one count with breaking and entering a dwelling house with intent to commit a felony, grand larceny, and in a second count with larceny of personal property “of one Frank V. Pangia, as custodian” of the value of more than $100. A third count charged concealment of stolen property. Appellant was tried and found guilty of the charges set forth in counts one and two, and sentenced to confinement for a period of ten years.
On this appeal therefrom appellant makes three contentions. First she contends the trial court erred in denying her motion for directed verdict on the ground that the custodial status of the property in Frank V. Pangia as alleged was not established, and that ownership was not proved. A second contention is that error was committed b}'a ruling of the trial court admitting in evidence certain photographs of the alleged stolen property over objection of defendant. Third, it is contended the evidence presented by the state in support of count one, which charged breaking and entering a dwelling, disclosed a building other than a dwelling.
The requirement for alleging ownership on a charge of larceny was complied with by alleging the custodial interest of the real estate broker, Pangia, where the titleholder was absent and not then in actual possession. Harper v. State, Fla.App.1964, 169 So.2d 512. The custodial status of the broker with reference to the property involved was sufficiently shown. The judgment, therefore, will be affirmed as to count two which dealt with grand larceny. Appellant’s second contention, relating to introduction into evidence of photographs of the alleged stolen property has been considered and is found to be without merit.
However, we find appellant’s contention that the proof offered in support of count one showed a building rather than a dwelling is meritorious. Although the premises involved was a residence, it was vacant and had been put up for rent, and was not being used or occupied as a dwelling at the time involved. Therefore, the breaking and entering of which the defendant was found guilty was not of a dwelling (in violation of § 810.01, Fla.Stat, F.S.A.) but of a building, in violation of § 810.02, a lesser offense. See Johnson v. State, Fla. *603 App.1966, 188 So.2d 61. As was done in a similar circumstance in the case just cited, we reverse the judgment of conviction on count one and the sentence, and remand the cause with direction to enter a judgment which (in addition to adjudging the defendant guilty of grand larceny on count two) will adjudge the defendant guilty on count one of the lesser offense (under § 810.02 Fla.Stat., F.S.A.) relating to breaking and entering a building with intent to commit grand larceny; and that a sentence then be entered accordingly.
Affirmed in part and reversed m part, and remanded with directions.