PER CURIAM.
Defendant-appellant Craig was charged in a one count information on February 7, 1968, with a felony, to wit: bribery of Sheriff’s Deputy Norton, in violation of § 838.011, Fla.Stat., F.S.A.[1] See also § 838.-013, Fla.Stat., F.S.A.[2] A plea of not guilty was entered and pretrial motions to suppress a transcript of a telephone conversation between the defendant and Deputy Norton was made. At trial, the transcript was admitted, the court reduced the charge to attempted bribery, and the jury found him guilty of attempted bribery. Objections to 'jury instructions on attempted bribery and certain trial and post-trial motions were made preserving alleged errors involving attempted bribery.
Defendant-appellant contends that the entry of judgment of acquittal by the trial court to as to charge of “offering or promising” a bribe as alleged in the information acquitted him under Florida’s omnibus bribery statute of attempted bribery. At common law bribery was a misdemeanor, as was the crime of attempt. At common law very different rights and procedures were involved with the trial of felonies and misdemeanors. Therefore, at English common law the doctrine of merger evolved, i.é., that there could be no conviction of misdemeanor under an indictment of felony. However, this rule is not in force in most American jurisdictions, and it is not in force in Florida. A conviction’of misdemeanor can be upheld under an indictment of felony. See: Perkins, Criminal Law, p. 480 (1957).
The offer to give a bribe was at common law punishable as attempted bribery. Perkins, Criminal Law, p. 403 (1957). Florida, by statute, early abrogated the common law rule. The Supreme Court in Coleman v. State ex rel. Mitchell, 132 Fla. 845, 182 So. 627, 628, stated that Florida’s omnibus bribery statute comprehended and included the crime of attempted bribery:
“[1] Bribery comprehends and includes the crime of attempted bribery. Bribery and attempted bribery are considered and discussed in Volume 8, pages *153 890, 891, par. 10, American Jurisprudence, viz.:
‘Attempt to Bribe. — Bribery at common law is the offering, giving, receiving, or soliciting of anything of value with intent to influence the recipient’s action as a public official, whether executive, legislative, or judicial. It therefore comprehends the crime of attempted bribery. At common law bribery and an attempt to bribe are both misdemeanors. Hence, apart from statute, any distinction between bribery and an attempt to bribe is of no practical importance. It is the offering of the bribe that constitutes the substantive crime of bribery, although such offer is separately indictable as an attempt to bribe. Many of the states have denounced as crime certain transactions which fall short of completed bribery. An offer to pay a bribe, without regard to its acceptance, is a crime in some states, but not in others * *
Accord: Zalla v. State, Fla.1952, 61 So.2d 649, 651.
In State v. Carroll, Fla.App. 1966, 189 So.2d 273, the defendant was charged by information with, “corruptly and unlawfully offering and promising” a county sheriff a sum of money to influence his official action as sheriff. This is the same offense for which the defendant-appellant Craig here is charged. In the Carroll case, the Second District correctly stated that the defendant was charged with:
“Attempted bribery under Sec. 838.011, Fla.Stat., F.S.A.”
See also: “Anno., Charge of Bribery or Cognate Offense Predicated Upon an Unaccepted Offer by or to an Official,” 52 A.L.R. 816; compare 11 C.J.S. Bribery § 6, p. 857.
We therefore hold that it was error here for the trial court to deny defendant’s motion for judgment of acquittal on the charge of attempted bribery made after the court directed a verdict of acquittal on the charge of violation of Florida’s statutory bribery at the close of all the evidence.
We note that the general attempt statute, § 776.04, Fla.Stat., F.S.A., which the prosecution contends that the conviction was founded upon, is inapplicable here by its terms. That statute may serve as a basis for a charge only:
“* * * when no express provision is made by law for the punishment of such attempt, * * *”
Accordingly, for the reasons stated, the judgment is reversed and the defendant ordered to be discharged.
Reversed with directions to discharge defendant.

. This statute reads in part as follows: “Any person who shall corruptly give, offer or promise to any public officer, agent, servant or employee * * * any commission, gift, gratuity, money, property or other valuable thing * * * shall be guilty of the crime of bribery.”

. “§ 838.013 Penalty — Any person who shall be convicted of the violation of any provision of §§ 838.011-838.012 shall be punished by imprisonment in the state prison for not more than five years or in the county jail for not more than one year or by fine not exceeding $5,000.”