PER CURIAM.
We have for review the Referee’s report recommending that a private reprimand be administered to respondent Robert Ellison Craig in accordance with Rule 11.09, Inte *139 gration Rule of The Florida Bar, 32 F.S.A. The Florida Bar requests that the respondent be disbarred.
The report of the Referee and the record filed with this Court reveal that respondent was convicted of the crime of attempted bribery of a police officer, a felony, and was suspended from the practice of law by this Court. See The Florida Bar v. Craig, 238 So.2d 78 (Fla.1970). The conviction of respondent was reversed by the District Court of Appeal and respondent was discharged from custody. Craig v. State, 244 So.2d 151 (Fla.App.3d,1971); cert. den. 247 So.2d 325 (Fla.1971).
While the criminal ^proceedings were pending, these grievance proceedings were instituted. In addition to the felony conviction, respondent was charged with a violation of his oath as an attorney, violations of various canons of professional ethics and rules, and violation of Rule 11.02 of the Integration Rule of The Florida Bar.
The Referee’s summary of evidence and findings of fact, which were sufficiently supported by evidence, are as follows:

“Summary of Evidence

“The main witness, Officer Roland Norton, testified that he had been contacted by the respondent, Robert Craig, who offered him $100.00, to get a fellow officer Lowe to ‘blow’ the Metro Court traffic case against one Jimmy Tom, Craig’s client. Craig failed to appear at a meeting arranged between Norton and himself, to consummate the alleged ‘bribe’. The police arrested Craig. The money was never passed or paid, nor were any further arrangements ever completed.
“Craig admitted talking to Norton; the officer complained about having financial problems and initiated the conversation regarding a $100.00 bribe. Craig made up his mind not to go through with it. He, in fact, didn’t meet Norton the next day at 8:15 A.M. as planned. The arrest was made shortly after 9:00 A.M. No money was paid or passed, nor was anything further done regarding the alleged bribe. Officers Kohler, who made the arrest, and Norton, both confirmed the fact that Craig did not appear for his appointment as the police had set it up. Officer Lowe, who was supposed to ‘blow’ the case, never testified nor did he even know of the set up or the alleged bribe.
“Craig admitted that he used very bad judgment in talking to Norton. Actually he was only initially motivated to try to find out how strong a case the police had against his client.
“The case boils down to whether Craig or Norton is to be believed. I am not impressed with Norton. His credibility as a witness left me with many doubts. On the other hand, I was much impressed with the demeanor, attitude and testimony of Craig. As he stated, he used bad judgment, which, under the circumstances, was most understandable. I believe and accept his testimony, from which no inconsistencies were developed. I was also impressed with the caliber and number of ‘Character’ witnesses who appeared and testified on his behalf.

“Findings of Fact

“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. Respondent used bad judgment in discussing his client’s case with Officer Norton. Craig, however, did not initiate or originate the bribe suggestion.
“2. After the initial conversation regarding the $100.00 bribe, no further or other overt act was indulged in by Craig. To get out of a bad situation, and to protect his client were then only in his mind.”
*140 The Referee recommended that respondent be found guilty of violating Canon 39 of Canons of Professional Ethics, 32 F.S.A., in that he failed to “scrupulously avoid any suggestion calculated to induce the witness to suppress or deviate from the truth
Just as the Referee, we are impressed with the forthright nature of respondent’s testimony and also with the testimony of prominent members of The Florida Bar, as to respondent’s previous excellent reputation and character. As discussed in The Florida Bar v. Craig, supra, respondent was charged with a very serious offense which would shake the confidence of the public in The Florida Bar. He has now been exonerated of the criminal offense, although the testimony discloses that his conduct was reprehensible. We must, therefore, weigh this unethical act against the previous reputation respondent had established as a practicing attorney, bearing in mind primarily the necessity of protecting the public. In other words, the interest of the respondent is no more vital than that of the public or the profession. From the record, it appears that respondent has recognized his mistake, rehabilitated himself, and will be able to resume the practice of lav/ commensurate with the high standards of the profession.
Respondent was suspended from the practice of law by our decision of July 13, 1970, The Florida Bar v. Craig, supra, and has been subjected to the adverse publicity of á criminal trial which was finally terminated by the decision of the District Court of Appeal on February 16, 1971, discharging respondent. Craig v. State, supra. In our opinion a public reprimand is sufficient punishment, under the circumstances. The respondent is hereby reinstated as a member of The Florida Bar and authorized to engage in the practice of law.
This opinion shall constitute a public reprimand to the respondent, Robert Ellison Craig. As ordered by the Referee, the respondent shall pay one-half of the taxable costs, the total costs being $683.20.
It is so ordered.
ROBERTS, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.