330 So.2d 554 (1976)
STATE of Florida, Appellant,
v.
George OATES et al., Appellees.
No. 75-195.
District Court of Appeal of Florida, Fourth District.
April 23, 1976.
*555 Abbott M. Herring, State's Atty., and Norman A. Tharp, Asst. State's Atty., Titusville, for appellant.
Walter T. Rose, Jr. of Rose & Weller, Cocoa Beach, for appellees.
FUTCH, M. DANIEL, Jr., Associate Judge.
The Trial Court dismissed a four count information count one of which is before us now and which purportedly alleges a conspiracy to commit a felony, to-wit: Grand Larceny. The State appeals. We reverse.
The information is as follows:
"CIRCUIT COURT OF THE EIGHTEENTH ISSUE CAPIAS
JUDICIAL CIRCUIT IN SET BOND AT
AND FOR BREVARD COUNTY, $ ____________
FLORIDA FELONY STATUTE
 NO.
 833.04 
 IN THE CIRCUIT COURT of the Eighteenth Judicial
 Circuit, in and for Brevard County, Florida, in the
 year of our Lord, one thousand nine hundred and
 seventy four.
STATE OF FLORIDA INFORMATION FOR
 VS
GEORGE OATES COUNT. I CONSPIRACY TO
LOGAN H. FISCHER, COMMIT A FELONY
 aka `SKIP FISCHER' TO-WIT: GRAND
BERNIE KEENE LARCENY
In the Name and by Authority of the State of Florida:
ABBOTT HERRING, State Attorney of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, prosecuting for the State of Florida, under oath CHARGES that GEORGE OATES, LOGAN H. FISCHER, a/k/a `SKIP-FISCHER', BERNIE KEENE on April 15, 1974, and thereafter to and including May 30, 1974, in the County of Brevard, and State of Florida, did then and there agree, conspire, combine, or confederate with GEORGE OATES, LOGAN H. FISCHER, BERNIE KEENE each with the other, or other persons not charged herein, to commit a felony, to-wit: GRAND LARCENY, to obtain from the true owners money of the value of $100.00 or more lawful currency of the United States of America by color or aid of fraudulent or false representation or pretense; that is, to collect entrance fees for a BASS FISHING CONTEST, offering large cash prizes, and to rig or control said contest by entering fish caught prior to said contest with intent to deprive or defraud said owners, the ENTRANTS, of said money, and in furtherance of said conspiracy the defendants, GEORGE OATES, LOGAN H. FISCHER, BERNIE KEENE and other uncharged co-conspirators committed one or more of the following overt acts:
1. On May 6, 1974, and thereafter to and including May 9, 1974, GEORGE OATES, BERNIE KEENE and uncharged co-conspirators, PHILLIP JAY, ROBERT VARNADORE, caught a number of bass in Osceola County, Florida and brought said fish to 111 West Gadsden Lane, Cocoa Beach, Florida.
2. On May 6, 1974, and thereafter to and including May 9, 1974, GEORGE OATES, BERNIE KEENE, PHILLIP JAY, ROBERT VARNADORE, placed bass caught in Osceola County, *556 Florida in a holding tank set up at 111 West Gadsden Lane, Cocoa Beach, Florida.
3. On the night of May 9, 1974, or early morning hours of May 10, 1974, BERNIE KEENE transported said pre-caught fish to the vicinity of Clermont, Florida and delivered said fish to PHILLIP JAY.
4. On May 10, 1974, PHILLIP JAY received said fish from BERNIE KEENE, took said fish into a lake near Clermont, Florida and gave the same to LOGAN FISCHER and ROBERT VARNADORE.
5. On May 10, 1974, LOGAN FISCHER and ROBERT VARNADORE turned said fish into the contest officials as being caught in said contest.
6. On May 11, 1974, LOGAN FISCHER and ROBERT VARNADORE each won a prize and each received prize money in the form of a check.
7. On or about May 30, 1974, ROBERT VARNADORE gave GEORGE OATES the sum of $250.00, one half of the prize which he received, said payment being made in Brevard County, Florida, contrary to sections 833.04 and 811.021(1)(a), Florida Statutes,"
The issue before us is whether count one of the information properly alleges a crime under Florida Statutes.
F.S. 811.021, F.S.A., provides in part:
"A person who, with intent to deprive or defraud the true owner of his property ... takes from the possession of the true owner ... by ... false representations or pretense ... any money ... is guilty of larceny."
One obtaining personal property by trick, device, or fraud, intending to appropriate it, is guilty of larceny on subsequent appropriation. A person is guilty of larceny who gets possession of money of another by means of fraud or trickery with the preconceived purpose to appropriate the money to his own use, on the theory that the fraud vitiates the consent of the owner who is held to retain constructive possession up to the time of conversion by the taker. Casso v. State, 182 So.2d 252 (Fla.App.2d 1966).
One contention submitted by the Appellees is that the information fails to identify the victim of the larceny. We do not agree.
"The purpose for allegation and proof of ownership in a larceny prosecution is to show that the property belongs to one other than the accused."

Wilcox v. State, 183 So.2d 555 (Fla.App.3d 1966).
The information alleges, and we think sufficiently, that the victims of the larceny would be the entrants in the contest.
The Appellees point out that the sports world, with certain minor exceptions, is free of governmental regulation and argue that no one would indict an automobile racer if he should include an unfair additive in his gasoline or a helmet-slinging football player. While these examples are not before use and we do not specifically consider these issues, we do, however, feel that the time has come for society to refuse to accept any cheating scheme, such as alleged here, whether or not such scheme is connected with a "sporting" event.
The other points discussed by Appellees have been considered and found to be without merit.
Reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.
CROSS and OWEN, JJ., concur.