RAWLS, Acting Chief Judge
(dissenting).
I dissent.
Appellant Weeks appeals a judgment of conviction of breaking and entering American Legion Post No. 88 with intent to commit grand larceny. Weeks was a member of the Legion Post.
The primary point on appeal is that the trial court erred in denying appellant’s seasonably made motion on the grounds that no evidence had been produced as to the ownership of the property.[1]
Section 811.01, Florida Statutes, provides in part: “Whoever commits larceny by stealing of the property of another . .” Thus, proof of ownership by another is essential to support a conviction upon such charge. State v. Anders, 59 So.2d 776 (Fla.1952). In Haines v. State, 113 So.2d 601 (2 Fla.App.1959), the Second District Court of Appeal stated:
“Rudimentary in Florida law is the principle that in cases charging breaking and entering and those charging grand larceny, allegations of ownership of property are material and substantial matters and must be proved in order to support a conviction upon such charges. Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661; State v. Anders, Fla.1952, 59 So.2d 776; and Lopez v. State, 1932, 106 Fla. 361, 143 So. 303. It inevitably follows that the cause should be reversed for a new trial.”
I would reverse for a new trial.

. Candidly, counsel for the state during oral argument, for all practical purposes, conceded that the state had failed to sufficiently prove this essential element of the offense charged.