340 So.2d 959 (1976)
Leon F. SIMKOVITZ and Joyce Simkovitz, Petitioners,
v.
The STATE of Florida, Respondent.
No. 76-779.
District Court of Appeal of Florida, Third District.
December 14, 1976.
*960 Hirschhorn & Freeman, Miami, for petitioners.
Richard E. Gerstein, State Atty. and John P. Durant, Asst. State Atty., for respondent.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Petitioners, Leon F. Simkovitz and Joyce Simkovitz, his wife, seek issuance of a writ of certiorari to review two orders of the Circuit Court dated October 30, 1974, and April 14, 1976, respectively.
The first order affirmed petitioner Leon's conviction for shoplifting in violation of Section 811.022, Florida Statutes (1973), and affirmed petitioner Joyce's conviction for contempt of court. The second order denied petitioners' petition for rehearing. Pursuant to F.A.R. 4.5(c), petitioners filed their consolidated petition for writ of certiorari in this court.
On April 24, 1973, petitioner Leon was arrested and charged with the crime of shoplifting. A non-jury trial was commenced in the County Court on July 30, 1973. At the end of the state's case petitioner moved for judgment of acquittal, based upon the fact that the state had alleged in its pleadings that the goods were owned by "Jordan Marsh, Inc. as owner or custodian," where in reality, Allied Stores, Inc., was the true owner. The court, however, denied said motion.
Petitioner Leon thereupon commenced the presentation of his defense. Firstly, petitioner called his wife Joyce to the stand as a witness in his behalf. Joyce testified as to facts which were material to her husband's defense and introduced into evidence what purported to be a sales receipt which designated payment for the stolen merchandise.
Petitioner Leon then took the stand and testified, expressing an exculpatory version of events. The court, dissatisfied with the veracity of the testimony and evidence, found petitioner Leon guilty, as charged. Sentencing was withheld pending a presentence investigation.
On August 13, 1973, Joyce and Leon filed affidavits wherein they admitted giving false testimony at Leon's trial. In addition, they admitted presenting a false document into evidence (the alleged sales receipt for the stolen merchandise). A motion to recant was filed requesting the trial judge to allow petitioners to testify as to the true facts which had occurred.
On September 17, 1973, a hearing was held and testimony taken. The trial judge sentenced petitioner Leon to six months in jail and Five Hundred Dollars ($500.00) fine for the crime of shoplifting (petit larceny). Petitioner Joyce was summarily found to be in contempt of court for her participation in the aforementioned deception and sentenced to an equal time of six months incarceration.
Both convictions were affirmed by the Circuit Court, sitting as a reviewing body, and this petition for common law writ of certiorari follows.
Petitioner Joyce contends that her conviction for contempt of court violated Rule 3.830, Fla.R.Crim.P. (Direct Criminal Contempt), in that the trial judge failed to *961 comply with the procedures set forth in said rule before his adjudication of contempt was pronounced.
Rule 3.830, Fla.R.Crim.P. provides, in part, that:
"... The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances . ." 34 Fla. Stat. Ann. 320 (1975)
After carefully examining the record, we find that the trial court failed to comply with the above procedures and as such we must hold that it was error for the trial court to hold petitioner Joyce in contempt. Jacobs v. State, 327 So.2d 896 (Fla.3d DCA 1976).
Petitioner Leon contends that the Circuit Court departed from the essential requirements of law in affirming his conviction. It would appear from the record that petitioner's only real argument of merit is based upon the state's allegation in the complaint that the stolen property belonged to "Jordan Marsh, Inc., as owner or custodian." As previously mentioned, testimony showed ownership to be in Allied Stores, Inc., of which Jordan Marsh is a member thereof. Based upon the above disparity, petitioner argues that an essential element of the crime of larceny has not been proved and therefore, it was error to deny his motion for judgment of acquittal made at the end of the state's case.
It is clear, that an essential element of the crime of larceny (be it petit or grand) is that the property stolen must have been the property of one other than the thief. Gaynor v. State, 196 So.2d 19 (Fla. 4th DCA 1967); Wilcox v. State, 183 So.2d 555 (Fla. 3d DCA 1966). We believe, however, that by alleging and proving the custodial interest of Jordan Marsh, Inc., the State adequately fulfilled its requirement of establishing ownership or superior possession in one other than the thief. Johnson v. State, 190 So.2d 601 (Fla. 3d DCA 1966). As such, we hold that the trial court correctly denied petitioner Leon's motion for judgment of acquittal and the circuit court rightly affirmed his conviction.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that the circuit court, sitting as a reviewing body, did not depart from the essential requirements of law in affirming petitioner, Leon Simkovitz's, conviction. Therefore, for the reasons stated and upon the authorities cited, his petition for certiorari is denied.
As for petitioner Joyce Simkovitz, we conclude that in affirming her conviction for contempt of court, the circuit court did in fact depart from the essential requirements of law. Therefore, the order affirming her conviction for contempt of court is quashed and certiorari is granted.
Petition granted as to Joyce Simkovitz and denied as to Leon Simkovitz.