MILLS, Judge.
R.C. appeals from an adjudication of delinquency and commitment to the Department of Health and Rehabilitative Services following a petition charging him with grand theft. We affirm.
On 20 September 1984, J.T. King discovered a girl’s 10-speed bicycle on his apartment patio. The patio abutted a common area of the apartment complex where children often played and left their belongings. King intended to turn the bike in to the apartment manager on the following Saturday, 22 September.
*15 On that day, R.C. was at King’s apartment watching television. When he was ready to leave, he asked King if he could ride the bike home. King told him that he could not give his permission because the bike was not his and emphatically told R.C. not to touch it. R.C. left the apartment and returned on the bike an hour later, accompanied by an officer who had stopped him after seeing that the bike was a girl’s style. Although King told the police that the bike was not his and that he did not know to whom it belonged, a petition for delinquency was filed charging R.C. with grand theft and describing the bike as King’s property.
After a hearing on the petition, R.C. moved for judgment of acquittal. He alleged that because King denied owning the bike and no other owner had been brought forward, the State had failed to prove that the bike was the “property of another” as required by the theft statute, Section 812.-014(1), Florida Statutes (1983). The motion was denied. R.C. was adjudicated delinquent and committed to HRS.
Ownership must be alleged and proved to support a conviction for theft, State v. Anders, 59 So.2d 776, 777 (Fla.1952), but absolute ownership is not essential. “Ownership” in this context is a term of art meaning any possession which is rightful as against the thief. It is satisfied by proof of temporary possession or control of the property, Anderson v. State, 356 So.2d 382, 384-5 (Fla.3d DCA 1978), or by proof of a custodial interest in it, Simkovitz v. State, 340 So.2d 959, 961 (Fla.3d DCA 1976). Here, the bicycle was on King’s patio. He was aware of its presence, intended to return it, and took affirmative action to protect it against R.C.’s use. Therefore, the trial court was correct in its conclusion that King’s custody and control of the bicycle was “ownership” sufficient to support a theft conviction.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.