NESBITT, Judge.
T.A. appeals from an adjudication of delinquency for automobile theft and burglary. We affirm.
Respondent was found guilty of having committed theft and burglary of an automobile from Dollar Rent-A-Car (Dollar) in *1311 June 1988. At the adjudicatory hearing, the Dollar security guard on duty at the time the car was stolen stated that he saw the respondent drive the car off a protected lot where Dollar stored cars. The guard said he attempted to stop the respondent, but respondent drove past him and out into the street.
The ear controller for Dollar testified that she was responsible for keeping records on the agency’s cars. She stated that she personally knew that the car at issue had been in Dollar’s fleet of cars since the end of 1987. She said that respondent had not leased the car. During her testimony, the state offered into evidence the vehicle registration and the leasing agreement between Dollar and the owner of the car, Precision Leasing Inc., to show that Dollar was in lawful possession of the car. The car controller testified that the registration showing Precision as owner had been telefaxed to her from Dollar's corporate office in Tampa where the original was held. She further stated that the lease agreement had been mailed to Dollar from Precision Leasing where it was kept. The defense conducted voir dire of the witness and objected to the admission of the documents as business records. The objection was overruled and respondent was found guilty. He now appeals.
Respondent contends that the trial court erred in permitting the state to introduce copies of the registration certificate and leasing agreement because neither document was introduced with the requisite predicate to qualify as an exception to Florida’s hearsay rule. § 90.802, Fla.Stat. (1987). Respondent contends that both of those documents were absolutely necessary for the state to establish ownership and thus prove a prima facie case of guilt.
We agree that the documents were improperly entered into evidence. There was no testimony from the custodian who actually created or kept those documents as would qualify the documents as admissible under the business records exception to the hearsay rule. § 90.803(6), Fla.Stat. (1987). The copy of the vehicle’s registration was likewise inadmissible under statutory self-authentication provisions for documents, § 90.902(1), Fla.Stat. (1987), since it did not comply with the seal and signature requirements of that statute.
Nevertheless, we uphold the adjudication because even without admission of the questioned documents, the state proved the required elements of theft under section 812.014, Florida Statutes is true that ownership must be alleged and proven to support a conviction for theft, State v. Anders, 59 So.2d 776, 777 (Fla.1952); R.C. v. State, 481 So.2d 14 (Fla. 1st DCA 1985), proof of absolute ownership is not essential.
“Ownership” in this context is a term of art meaning any possession which is rightful as against the thief. It is satisfied by proof of temporary possession or control of the property, Anderson v. State, 356 So.2d 382, 384-5 (Fla. 3d DCA 1978), or by proof of a custodial interest in it, Simkovitz v. State, 340 So.2d 959, 961 (Fla. 3d DCA 1976).
R.C. v. State, 481 So.2d at 15.
In this case, the state adequately proved ownership or superior possession in one other than the thief. Simkovitz, 340 So.2d at 961; Johnson v. State, 190 So.2d 601 (Fla.3d DCA 1966). The evidence established that the car in question was not the respondent’s. The evidence further established that Dollar had custody or “ownership” of the car in question inasmuch as the agency had continuous possession of the car for some eight months before the theft during which time the car was leased on occasion and, according to the agency’s car controller, appeared within Dollar’s records as a car contained within its fleet. Moreover, respondent drove the car off a guarded Dollar lot in full view of the agency’s security guard.
Accordingly, the trial court was correct in its findings and the adjudication of delinquency is hereby
Affirmed.